IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMIE M. BENNETT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-23-1202 |
| THE ST. PAUL'S SCHOOLS, INC., d.b.a. THE SAINT PAUL'S SCHOOL FOR GIRLS, et al. | * * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Christina Ferrens, Ereni Malfa, Sabrina Murray, and the St. Paul's Schools, Inc.'s, d.b.a. the St. Paul's School for Girls ("SPSG"), (collectively, "St. Paul's Defendants") Motion to Dismiss (ECF No. 21); Defendant Greta Heck's Motion to Dismiss (ECF No. 25); Defendant Judy Heck's Motion to Dismiss (collectively, "Heck Defendants") (ECF No. 26); Defendants Katherine Grace Porter ("Kate Porter") and Sara Porter's (collectively, "Porter Defendants") Motion to Dismiss (ECF No. 30); and self-represented Plaintiffs Jamie M. Bennett and John P. Fitch's (collectively, "Plaintiffs") Motion to Unseal Documents Sealed by State Court Confidentiality Order and Request for In Camera Review ("Motion to Unseal") (ECF No. 39). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will abstain from exercising jurisdiction over this matter and deny the pending motions without prejudice.

I.     BACKGROUND

In 2017, Plaintiffs enrolled their daughter, A.B.,[1] for freshman year in high school at SPSG. (Am. Compl. ¶¶ 31, 43, ECF No. 18).[2] Shortly after classes began, Bennett informed SPSG of A.B.'s anxiety and learning disability, and the school implemented an Individualized Education Program ("IEP") to accommodate her in September 2017. (Id. ¶¶ 44–45).

Plaintiffs allege that in the fall of 2019, A.B. was bullied by other SPSG students, including Defendants Greta Heck and Kate Porter. (Id. ¶¶ 46, 48). Kate Porter's mother, Defendant Sara Porter, was a SPSG teacher in the elementary school. (Id. ¶¶ 7, 8, 48, 56). Greta Heck and Kate Porter excluded A.B. from activities, publicly mocked her at school, and engaged in cyberbullying via social media and text messages. (Id. ¶¶ 49–54). This behavior continued until at least November 2020, and it caused A.B. intense emotional suffering. (Id. ¶¶ 50, 114).

Plaintiffs allege that SPSG did not discipline Greta Heck and Kate Porter, and that the school otherwise failed to adequately address the situation. (Id. ¶¶ 63–94). SPSG, through Defendants Christina Ferrens and Ereni Malfa, school administrators, and Defendant Sabrina Murray, a teacher, failed to protect A.B. from bullying and harassment, despite alleged contractual promises from the school to prevent such harm and provide a safe environment. (Id. ¶¶ 4–6, 15–42, 95). Further, after Plaintiffs advocated to SPSG on

---

[1] A.B. is not a party to this action.
[2] Unless otherwise noted, the Court takes the following facts from the Amended Complaint (ECF No. 18) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2

their daughter's behalf, SPSG retaliated by threatening to discipline A.B., defaming Plaintiffs, and ignoring A.B.'s IEP. (Id. ¶¶ 98–110). Plaintiffs suffered financial and emotional damages. (Id. ¶ 155).

Plaintiffs have filed two lawsuits based on these events. First, on July 20, 2021, they filed Bennett et al. v. Porter, et al., No. c-03-21-cv-002335 ("Bennett I") in the Circuit Court for Baltimore County against the St. Paul's Defendants, Porter Defendants, and Heck Defendants. (Am. Compl. ¶ 115). The case was specially assigned to a single judge for all pretrial matters and trial, and the judge entered a confidentiality order shortly thereafter. (Id. ¶¶ 116, 118, 126). Plaintiffs later sought the judge's recusal, which the court denied, and the Supreme Court of Maryland affirmed the denial of recusal on May 5, 2023. (Id. ¶ 125). Plaintiffs also allege that the case was delayed due to discovery disputes, the denial of Plaintiffs' motions to compel depositions, and an unnecessary stay. (Id. ¶¶ 129–149; see Mem. Supp. St. Paul's Defs.' Mot. Dismiss ["St. Paul's Mot."] at 11, ECF No. 21-1).[3] Trial was originally scheduled for February 2024 and later postponed to October 2024. (St. Paul's Mot. at 1; St. Paul's Defs.' Reply Mot. Dismiss ["St. Paul's Reply"] at 4, ECF No. 46).

Next, Plaintiffs filed their original Complaint with this Court on May 7, 2023. (ECF No. 2). They later filed an Amended Complaint on May 29, 2023. (ECF No. 18). Plaintiffs sued the same Defendants and made the same claims as in Bennett I. (Am. Compl. ¶ 115). Their claims are as follows: interference under the Americans with Disabilities Act

---

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

("ADA") and the Rehabilitation Act against SPSG (Counts I and II); breach of contract against SPSG as to the enrollment contract (Count III); intentional misrepresentation against SPSG (Count IV); negligent misrepresentation against SPSG (Count V); fraud in the inducement against SPSG (Count VI); detrimental reliance against SPSG (Count VII); tortious interference with contract against the Porter Defendants, Heck Defendants, Malfa, Ferrens, and Murray (Count VIII); defamation against Ferrens, Malfa, Murray, and SPSG (Count IX); breach of contract against all Defendants as to the Acceptable Use Policy ("AUP") Agreement (Count X); tortious interference with contract against the Porter Defendants, Heck Defendants, Malfa, Ferrens, and Murray (Count XI); and conspiracy to tortiously interfere with contract as to the AUP Agreement against the Porter Defendants, Heck Defendants, Malfa, Ferrens, and Murray. (Count XII). (Id. ¶¶ 158–215). Plaintiffs request damages, attorneys' fees, and injunctive relief preventing SPSG from making false statements. (Id. at 43–44).

On July 12, 2023, the St. Paul's Defendants filed a Motion to Dismiss. (ECF No. 21). The Heck Defendants moved to dismiss on July 14, 2023, (ECF Nos. 25–26), and the Porter Defendants moved to dismiss on July 15, 2023, (ECF No. 30). Plaintiffs filed an omnibus Opposition on August 23, 2023. (ECF No. 40). The St. Paul's Defendants and Heck Defendants filed Replies on September 18, 2023. (ECF Nos. 45–46). Plaintiffs filed

their Motion to Unseal on August 17, 2023. (ECF No. 39).[4] The St. Paul's Defendants filed an Opposition on August 31, 2023. (ECF No. 42).

## II.   DISCUSSION

### A.   Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d

---

[4] Plaintiffs had counsel for all of the proceedings set forth above. In the instant case, the Court granted their counsel's Motion to Withdraw on February 7, 2024, (ECF No. 52), and they now proceed pro se.

445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.   Analysis**

Defendants argue that the Court should abstain from exercising jurisdiction under the Colorado River doctrine, and that, in the alternative, the Amended Complaint should be dismissed for failure to state a claim. (St. Paul's Mot. at 4, 9; Greta Heck's Mem. L. Supp. Mot. Dismiss at 9, ECF No. 25-1; Judy Heck's Mem. L. Supp. Mot. Dismiss at 6, ECF No. 26-1; Kate and Sara Porter's Mem. Supp. Mot Dismiss at 1, ECF No. 30-1).

Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. This rule exists despite the inefficient use of

judicial resources and the potential for inconsistent rulings. See Vulcan Chem. Techs., Inc. v. Barker, 297 F.3d 332, 340 (4th Cir. 2002).

Still, a "general principle" has evolved to "avoid duplicative litigation," Colorado River, 424 U.S. at 817, even if "the balance [is] heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). Under Colorado River, when there are parallel proceedings in state and federal court, a federal court may abstain under certain "exceptional circumstances" where abstention is "clearly favor[ed]." Vulcan Chem. Techs., 297 F.3d at 340–41. Exceptional circumstances exist where denying a federal forum would clearly serve an important countervailing interest. Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 462 (4th Cir. 2005). Colorado River abstention is "unrelated to considerations of proper constitutional adjudication and regard for federal-state relations," but rather "rest[s] on considerations of [w]ise judicial administration." Colorado River, 424 U.S. at 817 (internal quotation marks omitted).

In determining whether abstention is appropriate, courts must first determine whether the state and federal actions are parallel. See Barcoding, Inc. v. Genet, No. JKB-11-2026, 2011 WL 4632575, at *3 (D.Md. Sept. 30, 2011) (explaining that whether the state and federal suits are parallel is a "threshold question."). Suits are parallel "if substantially the same parties litigate substantially the same issues in different forums." vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017). Overlapping legal theories and factual allegations are not enough. See Barcoding, 2011 WL 4632575, at *3. If, however, the suits are between the same parties and present the same issues, they are

likely to be considered parallel. See Schneider Elec. Bldgs. Critical Sys., Inc. v. W Sur. Co., No. JKB-14-1890, 2015 WL 1656449, at *4 (D.Md. Apr. 14, 2015) (finding suits parallel when the parties were "identical" and the issues were "substantially, if not precisely, identical").

Here, there is no dispute that Bennett I and the instant case are parallel because they involve the exact same parties and claims. (See Am. Compl. ¶ 115; St. Paul's Mot. at 6). The Court now turns to whether there are exceptional circumstances warranting dismissal under Colorado River. The six factors are:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others;
> (2) whether the federal forum is an inconvenient one;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action;
> (5) whether state law or federal law provides the rule of decision on the merits; and
> (6) the adequacy of the state proceeding to protect the parties' rights.

Chase Brexton Health Servs., 411 F.3d at 463–64.

The first factor is neutral because there is no property at issue. The second factor is also neutral because both the circuit court and the federal Court are within the Baltimore metropolitan area, so neither can be considered inconvenient. The Court is mindful that when a Colorado River factor is neutral, it weighs against abstention. See Moses H. Cone Mem'l Hosp., 460 U.S. at 25–26 ("our task . . . is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can

8

suffice under Colorado River to justify the surrender of that jurisdiction); Gannett Co. v. Clark Const. Grp., Inc., 286 F.3d 737, 748 n.10 (4th Cir. 2002) (explaining that when a factor "does not weigh heavily in favor of exercising federal jurisdiction, it counsels against abstention").

The third factor weighs in favor of abstention to avoid piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Gannett, 286 F.3d at 744. The Fourth Circuit has explained that inconsistent rulings and judicial inefficiency are inherent in parallel litigation, and that abstention is not warranted on these grounds alone. Id. "Instead, for abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." Id.

Here, this litigation is not "particularly illsuited for resolution in duplicate forums," id., but it is clear that the issues before this Court and the state court are exactly the same. Because the state court proceeding has progressed significantly, the instant case presents res judicata issues, and the concern that the parties will relitigate the same issues already decided by the state court. See Ackerman v. ExxonMobil Corp., 821 F.Supp.2d 811, 820 (D.Md. 2012), aff'd, 734 F.3d 237 (4th Cir. 2013) (third factor weighed in favor of abstention because there was "no doubt that the issues raised in both proceedings [were] virtually identical and that the efforts of both courts [were] very likely to overlap"); Seneca One Fin., Inc. v. Structured Asset Funding, LLC., Case No. DKC–10–1704, 2010 WL

4449444, at *6 (D.Md. Nov. 4, 2010) (the likelihood of "serious res judicata problems" weighed "heavily in favor of abstention"); see also Automated Sys. & Programming, Inc. v. Cross, 176 F.Supp.2d 458, 463 (D.Md. 2001) ("The present suit is thus not merely another piece of the litigation; it is essentially the same piece that the parties are contesting in the state proceedings."). Indeed, Plaintiffs have already filed the Motion to Unseal, in which they seek a reversal of the state court's confidentiality order. (ECF No. 39). The Fourth Circuit has held that abstention is favored when a federal case is filed to gain a second opinion on an issue already settled in state court. Vulcan Chem. Techs., 297 F.3d at 343 ("To validate this strategy would undermine several traditionally valued tenets of wise judicial administration."). Thus, Plaintiffs' efforts to undo adverse rulings from the state court present a significant and imminent threat of piecemeal litigation beyond that which is inherent in parallel litigation. See Gannett Co., 286 F.3d at 744. Accordingly, this factor weighs in favor of abstention.

The fourth factor—the order in which the courts obtained jurisdiction and the progress achieved in each action—cuts strongly in favor of dismissal. Bennett I was first filed in state court on July 20, 2021, and the court has indicated that trial will begin in October 2024. (St. Paul's Defs.' Reply at 4). At the time the instant motions were briefed in July and August of 2023, significant discovery had already taken place in the state court litigation, including several depositions and the exchange of thousands of documents. (Id. at 3, 5). The Court assumes that the parties have continued to make progress in discovery in the seven months since then. Further, the state court has made several rulings on dispositive motions and discovery disputes, and it denied Plaintiffs' motions for A.B. to

10

proceed under a pseudonym—a decision that the Supreme Court of Maryland affirmed on May 5, 2023.

By contrast, in this Court, Plaintiffs filed this case on May 7, 2023, and preliminary dispositive motions are currently pending. Such disparate progress clearly favors abstention. See Ackerman, 821 F.Supp.2d at 820 (abstention warranted where the parties had already engaged in significant discovery and the state court had scheduled trial for later that same year); Copeland v. Copeland, 134 F.3d 362, 362 (4th Cir. 1998) (affirming district court's decision to abstain when the state court exercised jurisdiction over the matter two years earlier); Md. Reclamation Assocs., Inc. v. Harford Cnty., No. HAR 93-1291, 1993 WL 460835, at *5 (D.Md. Oct. 27, 1993) (abstention appropriate partly because "substantial time and resources have already been expended in the earlier-filed state action, and the state and federal actions involve the same events"); Sto Corp. v. Lancaster Homes, Inc, 11 F.App'x 182, 189 (4th Cir. 2001) (the fourth factor was the "most persuasive factor" in favor of abstention when the state action was filed three years earlier and had progressed significantly).

Additionally, the parties' status in the parallel litigation bears upon the fourth factor. Sto Corp., 11 F.App'x at 189. In Sto Corporation, the Fourth Circuit held that "[t]he fact that the same plaintiff files suit in federal court after first filing in state court weighs in favor of abstention." Id. Here, Plaintiffs filed Bennett I and later filed the instant case, so this fact also supports abstention.

Next, the fifth factor weighs in favor of exercising jurisdiction because Plaintiffs bring two claims under the ADA, which is federal law. Moses H. Cone Mem'l Hosp., 460

11

U.S. at 26 (explaining that "the presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]"). The Court notes, however, that state courts often handle ADA claims, see, e.g., Matter of Chavis, 306 A.3d 653, 656 (Md. 2023) (analyzing ADA claims), and the crux of Plaintiffs' case is the alleged bullying and the breach of contract and tort claims that arose after Defendants failed to address it properly. Both state and federal courts are well-equipped to handle these issues.

Finally, the sixth favor—the adequacy of the state proceeding to protect the parties' rights—weights in favor of abstention. Plaintiffs' claims present straightforward issues largely governed by state law, and the Circuit Court of Baltimore County is perfectly capable of resolving them. Plaintiffs argue that the state court has made errors in its rulings, (Pls.' Consolidated Opp'n Defs.' Mots. Dismiss ["Opp'n"] at 17, ECF No. 40-1), but Plaintiffs misconstrue the meaning of the sixth factor. The question is not whether the parties agree with the state court's pre-trial rulings, but whether there is a reason that the state court cannot adjudicate the claims, provide appropriate relief, or promptly resolve the issues before it. See Moses H. Cone Mem'l Hosp., 460 U.S. at 28 (explaining that the state court is an appropriate venue when it provides an "adequate vehicle for the complete and prompt resolution of the issues between the parties"). As set forth above, the state court is capable of resolving this case, which will proceed to trial in October 2024. To the extent that Plaintiffs are dissatisfied with the state court's pre-trial rulings, they may avail themselves of the appeals process.

In sum, three factors cut in favor of abstention and three cut against it. The Supreme Court has cautioned that there is no set formula or "mechanical checklist" for courts to

follow in these circumstances—rather, courts must apply the factors in a "pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp., 460 U.S. at 17, 21 (abstention requires the careful balancing the factors); Sto Corp., 11 F.App'x at 187 ("[A] decision to abstain does not require the presence of all of the factors."). After carefully balancing all the factors and considering the circumstances of this case, the Court finds that abstention is appropriate here given the strength of the third and fourth factors. The state court action has progressed significantly and will reach a final judgment on the merits in October of this year. Exercising jurisdiction over this matter now would therefore lead to res judicata concerns and cause the parties to relitigate issues that the state court has already resolved. Lastly, the Plaintiffs brought both cases, and the Court has reason to infer that the instant case is a reactionary filing to the state court's adverse rulings against Plaintiffs. Accordingly, abstention from this case fits well with within the principles set forth in Colorado River, which promote "wise judicial administration." See 424 U.S. at 817. Because the Court has decided to abstain from this action, it need not address the pending Motions.

### III. CONCLUSION

For the foregoing reasons, the Court abstains from exercising jurisdiction over this matter. The Amended Complaint is dismissed, and the Clerk is directed to close this case. The pending Motions to Dismiss, (ECF Nos. 21, 25–26, 30), and the Motion to Unseal, (ECF No. 39), are denied without prejudice. A separate Order follows.

Entered this 26th day of March, 2024.

                                        /s/
                                 George L. Russell, III
                                 United States District Judge